UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20235-CIV-MORENO/TORRES

ORLANDO SANCHEZ

    Plaintiff,

vs.

SWIRE PACIFIC HOLDINGS, INC., *et al.*,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON SWIRE
PACIFIC HOLDINGS' MOTION FOR ATTORNEYS' FEES AND COSTS**

This matter is before the Court on Defendant Swire Pacific Holdings, Inc.'s ("Swire") Motion for Attorneys' fees and taxable costs against Plaintiff Orlando Sanchez ("Sanchez") pursuant to Federal Rule of Civil Procedure 54(d) and S.D. Fla. L.R. 7.3.[1] [D.E. 23]. Plaintiff responded in opposition [D.E. 32] and no reply was filed. The matter is thus ripe for disposition. For the reasons that follow, Swire's Motion should be Denied.

### *I. BACKGROUND*

On February 21, 2005, Sanchez and Swire entered into a purchase agreement (the "Agreement") for the construction and sale of an apartment in the Asia Condominium on Brickell Key, in Miami, Florida. The Agreement includes a provision

---

[1] On May 08, 2009, the Honorable Federico A. Moreno referred this Motion to the undersigned Magistrate Judge. [D.E. 30].

stating: "In the event of any litigation between the parties under this Agreement, the prevailing party shall be entitled to reasonable attorneys', paralegal's and paraprofessional's fees and courts costs at all trial and appellate levels." (Sanchez and Swire Agreement 8).

On December 19, 2008, Sanchez filed a Complaint against Swire and Lawyers Title Insurance Corporation alleging twenty one counts including breach of contract, rescission, negligent misrepresentation, and violation of various state and federal statutes. (Notice of Removal Ex. 1).

On January 27, 2009, Swire successfully removed the case to the Southern District of Florida. (Notice of Removal Ex. 2). On February 20, 2009, Swire moved to dismiss the Complaint. [D.E. 10]. Sanchez failed to file a response and on March 30, 2009, Judge Federico A. Moreno, upon a sua sponte review of the record, dismissed the Complaint, without prejudice to refile. The next day, Swire filed a Motion for attorneys' fees and costs. [D.E. 23]. Swire summarily concludes that it prevailed in this case where the Complaint was dismissed and the Agreement expressly entitles it to its attorney's fees and cost incurred in connection with this litigation. (Swire's Mot. For Attorney's Fees 3). Swire seeks the reimbursement for total of $7,267.00, comprising $6,917.00 of attorney's fees and $350 in costs.

On May 21, 2009, we ordered Sanchez to file a response by May 28, 2009. [D.E. 31]. Sanchez complied. [D.E. 32]. Sanchez challenges the Motion on several procedural grounds and denies that Swire has prevailed in this case. (Sanchez's Resp. to Swire's Mot. for Attorney's Fees 5-10). Swire did not reply.

## II.     ANALYSIS

### A.     *Procedural Challenges to the Motion*

Sanchez maintains that Swire's Motion should be denied because it did not comply with several procedural requirements. (Sanchez's Resp. to Swire Mot. to dismiss 6; 7; 9). Sanchez first argues that Swire waived its right to attorney's fees and costs because the Motion is untimely. (Sanchez's Resp. to Swire Mot. to dismiss 6). The Motion was filed on May 28, 2009, *i.e.* 21 days after the March 30 Order dismissing the case. Pursuant to the Federal Rule of Civil Procedure 54(d)(2), "[u]nless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment." Pursuant to Local Rule 7.3, however, the Motion "shall be filed and served within 30 days of entry of a Final Judgment or other appealable order." S.D. Fla. L.R. 7.3. "[T]he time limit set out in local rule 7.3 is an "order of the court." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001). Therefore, the thirty-day limit applies and Swire Motion is timely.

Further, Sanchez alleges that the Motion is not supported by an affidavit of an expert witness, in violation of Local Rule 7.3. (Sanchez's Resp. to Swire Mot. to dismiss 7). However, Swire did comply with the rule and submitted the sworn declaration of Mr. Scott M. Dimond. (Swire Mot. to dismiss Ex. 2).

Finally, Sanchez contends that Defendants failed to request a hearing. (Sanchez's Resp. to Swire Mot. to dismiss 9). Local Rule 7.3 requires that the motion "state whether a hearing is requested by any party." S.D. Fla. L.R. 7.3. Swire should

3

have included such a statement in the Motion.  However, a hearing in this case is not always necessary.  "As the Supreme Court has explained, "[a] request for attorney's fees should not result in a second major litigation." *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  "When deciding a motion for attorney's fees, ... evidentiary hearings are often unnecessary." *Id.* (citing Fed. R. Civ. P. 54(d)(2) advisory committee's note; 2 Mary Francis Derfner & Arthur D. Wolf, *Court Awarded Attorney Fees* § 25.01 (2007)).  "A determination of a fee award by a district court "solely on the affidavits in the record" is "perfectly proper." *Id.* (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).  Sanchez fails to state why a hearing here is necessary. (Sanchez's Resp. to Swire Mot. to dismiss 9).  Swire produced sufficient information to determine the fees and costs to award.  We find, therefore, that a hearing in this case is not required.

We acknowledge that Sanchez also requested an opportunity to present a testimony of an expert witness"[i]n the event a hearing is necessary." (Sanchez's Resp. to Swire Mot. to dismiss 9).  But having determined that a hearing is unnecessary, Sanchez's request is now moot.

### B.     *Entitlement to Attorney's Fees and Costs*

A "prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975).  The American rule, however, can be overcome by an "an enforceable contract

allocating attorney's fees." *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.,* 549 U.S. 443, 448 (2007) (quotations omitted). Swire assumes that the parties' Agreement entitles it to its attorney's fees and costs in connection with the dismissal of this litigation. (Swire's Mot. For Attorney's Fees 3).

The parties agreed that Florida law would govern the Agreement.[2] (Sanchez and Swire Agreement 10). Florida law undoubtedly enforces prevailing party clauses, *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004) ("[u]nder Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise"), and a "[c]ourt does not have discretion to decline to enforce a contractual provision awarding attorneys' fees in that such provisions are mandatory." *Overman v. Imico Brickell*, LLC 2009 WL 68826, at * 3 (S.D. Fla. Jan. 6, 2009) (citing *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005)).

Sanchez did not argue in opposition to the Motion that the Agreement is not enforceable. Sanchez instead contests that Swire is the prevailing party in this case. (Sanchez's Resp. to Swire's Mot. for Attorney's Fees 6-9). Sanchez argues that the Complaint was dismissed without prejudice and, therefore, that "the grounds for dismissal of this action were procedural in nature rather than on the merits of the case." (Sanchez's Resp. to Swire's Mot. for Attorney's Fees 9).

As is normally the case, the Agreement itself does not define when a party has prevailed. Under settled Florida law, however, a prevailing party is the one who

---

[2] Pursuant to clause 26 of the Agreement, "[a]ny dispute that develop under this Agreement will be settled according to Florida Law."

5

succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Moritz v. Hoyt Enter.*, Inc. 604 So. 2d 807, 810 (Fla. 1992) ("[T]he fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court") (adopting as Florida law the federal standard for prevailing party status set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see, e.g., Green Co., Inc. v. Kendall Racquetball Inv., Ltd.,* 658 So. 2d 1119, 1121 (Fla. 3d DCA 1995); *Shaw v. Schlusemeyer*, 683 So. 2d 1187, 1188 (Fla. 5th DCA1996).

This standard applicable to federal and Florida law looks for "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim, or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein v. City of Daytona Beach,* 353 F.3d 901, 905 (11th Cir. 2003) (quoting *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Servs.,* 532 U.S. 598, 604-605 (2001)).

In the present suit, the Court clarified that the dismissal was without prejudice, thus allowing the Plaintiff to refile a new complaint. (Order Denying Mot. to Set Aside Final Order of Dismissal 1). Plaintiff's complaint was dismissed for failure to serve an opposing memorandum of law in violation of S.D. Fla. L.R.7.1(C). Therefore, the legal relationship of the parties has not yet been altered in any substantive way. Swire may well have prevailed on its Motion to dismiss, but has not prevailed on the overall

litigation between the parties. We find that Swire, at this stage, has not prevailed in the litigation and, therefore, is not entitled to reasonable attorney's fees.

Support for this conclusion can be plentifully found in both Federal and Florida caselaw. "[T]he Supreme Court has held that, for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" *Dattner v. Conagra Foods, Inc.,* 458 F.3d 98, 101 (2d Cir. 2006) (quoting *Buckhannon*, 532 U.S. at 605). Dismissals for lack of subject matter jurisdiction, or dismissals without prejudice in general, typically do not meet that test. *See id.* at 103 (citing *Citizens for a Better Environment v. Steel Co.,* 230 F.3d 923, 929-30 (7th Cir. 2000); *Szabo Food Serv. Inc. v. Canteen Corp.,* 823 F.2d 1073,1076-77 (7th Cir. 1987) (holding that defendant was not "prevailing party" where complaint was dismissed without prejudice because "dismissal without prejudice . . . does not decide the case on the merits. . . . The defendant remains at risk")); *see also Keene Corp. v. Cass,* 908 F.2d 293, 298 (8th Cir. 1990) ("To be a prevailing party . . . a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought . . . . Where a complaint has been dismissed for lack of subject matter jurisdiction, the [d]efendant has not prevailed over the plaintiff on any issue central to the merits of the litigation") (internal quotation marks and citations omitted).

Florida cases have routinely applied these same principles. The "prevailing party", for purposes of attorney's fees, is a party that the trial court determines prevailed on significant issues in the litigation. *Green Cos.,* 658 So. 2d at 1119. Even

when a party receives a monetary award that does not necessarily mean the party is a prevailing party in the litigation. *Boxer Max Corp. v. Cane A. Sucre, Inc.,* 905 So. 2d 916, 918 (Fla. 3d DCA 2004) (citing *Zhang v. D.B.R. Asset Management, Inc.,* 878 So. 2d 386 (Fla. 3d DCA 2004)). But it is undeniable that, when there is a dismissal of a case without prejudice, Florida law does not confer prevailing party status on the successful movant. *Shaw,* 683 So. 2d at 1187 (denying motion for fees as prevailing party under Florida environmental statute because complaint dismissed without prejudice; "The dismissal was based on procedural grounds and not a determination of any significant issue in the case. Importantly, the instant dismissal order did not bring the litigation to an end.").

Swire has not provided any argument or authority to the contrary. Swire's Motion seems to assume that it prevailed, triggering the contract's fee provision, simply upon the dismissal of the litigation. As one can see from the preceding discussion, Florida law does not support such a conclusion. And the parties' Agreement also does not lend any support to Swire's position. It simply provides that fees would be recoverable to the prevailing party for work incurred at both the trial and appellate levels. The provision still requires, however, that one party be deemed "prevailing party" under Florida law. Swire has not shown how a dismissal without prejudice, for the procedural default that occurred in this case, constitutes a "determination of any

significant issue in the case" or a resolution that "brings the litigation to an end." Therefore, Swire cannot recover attorneys' fees at this stage of the parties' litigation.[3]

### III.   CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge recommends that Swire's motion for attorney's fees and costs be **DENIED.** Pursuant to Local Magistrate Rule 4(b), the parties have ten days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 11th day of June, 2009.

        /s/   *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3]   Of course, if Swire ultimately prevails on the merits at some later stage, Swire may then be able to recover for the fees incurred to date as well as any other fees incurred at arriving at that successful conclusion.  Our determination here that Swire is not yet a prevailing party, as defined by Florida law, does not foreclose that possibility.